

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00365-CR

Gabriel Alexander **VELA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2026-CR-001651
Honorable Jennifer Peña, Judge Presiding

PER CURIAM

Sitting:      Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice
               Adrian A. Spears II, Justice

Delivered and Filed: July 22, 2026

DISMISSED

Appellant pleaded nolo contendere to assault of a public servant and was sentenced within the terms of a plea bargain. Appellant then filed a pro se notice of appeal.

The trial court's Certification of Defendant's Right of Appeal states this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record contains a written plea bargain and a written waiver of appeal, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by appellant; therefore,

the trial court's certification accurately reflects that appellant's case is a plea bargain case and appellant does not have a right of appeal. *See id.*

"In a plea bargain case . . . in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant[,] a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). The clerk's record does not contain a written motion ruled on before trial nor does it indicate the trial court granted appellant permission to appeal. Additionally, nothing in the record establishes that this appeal is expressly authorized by statute.

This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made a part of the record." TEX. R. APP. P. 25.2(d). Accordingly, on May 28, 2026, we notified appellant that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification that showed appellant had the right of appeal had been made part of the appellate record by June 29, 2026. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). Appellant requested an extension of time to allow the trial court to rule on his motion for an amended certification, and we granted the extension.

On July 1, 2026, the district clerk filed a supplemental clerk's record that contained a written order denying appellant's motion for an amended certification of his right to appeal. On July 6, 2026, appellant filed a response confirming that the trial court had denied his motion for an

amended certification of his right to appeal. In his response, appellant conceded that "this court of appeals has little choice but to dismiss the instant attempted appeal."

Because the record does not contain a certification showing that appellant has the right of appeal, we dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).


PER CURIAM

DO NOT PUBLISH